v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 2014.

Decided June 19, 2014.

Travis S. Weber, Camp Hill, for petitioner.

Mary P. Patterson, Senior Counsel, Harrisburg, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and P. KEVIN BROBSON, Judge and ANNE E. COVEY, Judge.

OPINION BY Judge BROBSON.

Petitioner J.M. petitions for review of an order of the Department of Public Welfare (Department), Bureau of Hearings and Appeals (BHA), dated July 18, 2013. BHA dismissed J.M.'s appeal, which requested that BHA expunge from the ChildLine & Abuse Registry (ChildLine) a founded report of child abuse identifying J.M. as the perpetrator of the abuse.[1] For the reasons set forth below, we vacate BHA's order and remand for further proceedings.

On August 28, 2003, Lancaster County Children and Youth Services (CYS) filed an indicated report[2] of child abuse naming

---

1. ChildLine is a state-wide operation maintained by the Department for the receipt of reports of suspected child abuse, the referral of reports to appropriate governmental agencies for investigation, and the maintenance of child abuse reports. Section 6332 of the Child Protective Services Law (Law), 23 Pa. C.S. § 6332. When a report of child abuse is deemed to be founded, ChildLine maintains the information regarding the child abuse. Section 6338(a) of the Law, 23 Pa.C.S. § 6338(a). A founded report of child abuse is defined as a report of child abuse made following "any judicial adjudication based on a finding that a child who is a subject of the report has been abused, including the entry of a plea of guilty or nolo contendere or a find-

ing of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse." Section 6303 of the Law, 23 Pa.C.S. § 6303(a).

2. An "indicated report" is defined as:

A child abuse report made pursuant to this chapter if an investigation by the county agency or the Department ... determines that substantial evidence of the alleged abuse exists based on any of the following:
(1) Available medical evidence.
(2) The child protective service investigation.
(3) An admission of the acts of abuse by the perpetrator.

J.M. as the perpetrator. (Reproduced Record (R.R.) at 2a–3a.) Specifically, CYS credited the statements of J.M.'s stepdaughter, E.W., that J.M. sexually abused her during the previous four years. (*Id.* at 3a.) On January 30, 2004, the Court of Common Pleas of Lancaster County (trial court) issued an order adjudicating E.W. as a dependent child as defined in the Juvenile Act.[3] The order also included a determination that E.W. was an abused child as defined in the Child Protective Services Law (Law),[4] in that she was the victim of sexual abuse and exploitation.[5] (*Id.* at 105a.) The trial court further found that J.M. was the perpetrator of the abuse. (*Id.*) As a consequence, CYS changed the status of the report from indicated to founded. (*Id.* at 4a.)

By letter dated March 5, 2004, the Department notified J.M. of the report's changed status. (*Id.* at 31a.) By letter dated March 25, 2004, apparently under the mistaken belief that the report was indicated, J.M. requested that the report be expunged for being inaccurate. (*Id.* at 13a.) By letter dated April 29, 2004, the Department notified J.M.'s counsel that J.M.'s request failed to specify a reason for the request and that a perpetrator cannot appeal founded reports of child abuse, with certain exceptions. (*Id.* at 15a.) The Department further explained that if J.M.'s circumstances matched one of the exceptions, he was to submit a timely written explanation. (*Id.*) The Department indi-

cated that BHA would then review and respond to his request. (*Id.*)

By letter dated December 3, 2012, J.M. again sought to have the report expunged. (*Id.* at 18a.) In the letter, J.M. argued that he was entitled to an appeal *nunc pro tunc* and that CYS failed to produce substantial evidence establishing that the child abuse occurred, that the report was accurate, and that J.M. was the perpetrator of the abuse. (*Id.* at 18a–23a.) J.M. also requested a hearing on the matter. (*Id.* at 23a.) On March 4, 2013, BHA issued a Rule to Show Cause why the appeal should go to a hearing rather than be dismissed based on the report's founded status and the trial court's underlying adjudication finding that J.M. committed child abuse, which finding was based on the same factual circumstances that gave rise to the report. (*Id.* at 32a–33a.) Thereafter, BHA scheduled a hearing for August 22, 2013, for the purpose of determining whether BHA had jurisdiction over the matter as a result of the underlying trial court adjudication. (*Id.* at 34a–35a.)

█ Prior to the hearing date, CYS filed a motion to dismiss, arguing that a collateral attack of the trial court ruling was improper, among other things. (*Id.* at 102a.) J.M. opposed the motion, arguing, *inter alia,* that his appeal did not constitute an impermissible collateral attack, that substantial evidence did not support a finding that J.M. was a perpetrator of child abuse, and that J.M.'s due process rights were violated in the underlying trial

---

23 Pa.C.S. § 6303(a).

**3.**  42 Pa.C.S. §§ 6301–75.  Relevant here, a "dependent child" is one who

    is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals.  A determination that there is a lack of proper parental care or control may

be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk. . . .

    42 Pa.C.S. § 6302.

**4.**  23 Pa.C.S. §§ 6301–86.

**5.**  *See* 23 Pa.C.S. § 6303(a) (defining "sexual abuse or exploitation").

court proceeding. (*Id.* at 111a–14a.) On July 18, 2013, BHA issued an order dismissing J.M.'s appeal.[6] In so doing, BHA reasoned that allowing the appeal to proceed would represent an impermissible collateral attack on the trial court's decision. (*Id.* at 128a.) BHA explained that, contrary to J.M.'s position, the arguments J.M. raised on appeal constituted challenges to the validity of the trial court's underlying adjudication, in that they challenged the trial court's findings and the due process procedures used by the trial court. (*Id.*) BHA also reasoned that the status of the child abuse report was properly changed from indicated to founded based on the trial court's decision, and, as a result, the appropriateness of J.M.'s listing as a sexual abuser of E.W. did not need to be relitigated. (*Id.* at 128a–29a.) J.M. then petitioned this Court for review.[7]

██ On appeal,[8] J.M. argues that BHA erred in failing to afford him a hearing in order to address and remedy the violation of J.M.'s due process rights in the underlying dependency proceeding before the trial court. J.M. also argues that BHA erred in failing to address and grant expunction of the report on the basis that J.M. has shown good cause for the expunction. Finally, J.M. argues that BHA erred in concluding that J.M.'s appeal constituted an impermissible collateral attack on the underlying trial court decision.

We first address J.M.'s argument that BHA erred in failing to afford him a hearing in order to address and remedy the violation of J.M.'s due process rights in the underlying dependency proceeding before the trial court. J.M. contends that he did not receive proper notice of the dependency proceeding at which he was found to have committed abuse, as he did not find out about the hearing until he received a report of abuse against him months later. J.M. contends that as a consequence, he was not present at the hearing and thus not afforded an opportunity to be heard. J.M. also argues that no attorney representing him received proper notice of or was present at the dependency hearing, as the attorney who was present appears to have been solely representing J.M.'s ex-wife and not J.M. J.M. further argues that it is impossible for the underlying adjudication here to support the founded report, because the underlying adjudication is invalid as a result of the due process violation.

We conclude that J.M. is entitled to an administrative hearing in this matter. Our decisions in *J.G. v. Department of Public Welfare*, 795 A.2d 1089 (Pa.Cmwlth.2002), and *K.R. v. Department of Public Welfare*,

---

**6.** We note that "the Secretary [of the Department] may rely on the factual findings of the trial court in a dependency adjudication to dismiss an appeal for a request for expungement" of a founded report. *K.R. v. Dep't of Pub. Welfare*, 950 A.2d 1069, 1078 (Pa. Cmwlth.2008); *see also C.S. v. Dep't of Pub. Welfare*, 972 A.2d 1254, 1263–64 (Pa. Cmwlth.) (holding, in case wherein petitioner was never specifically named as perpetrator of abuse in underlying dependency proceeding, that "a separate administrative hearing before BHA is not necessary if there is substantial evidence to support the findings made in the dependency proceeding that the appellant was the perpetrator of the abuse of the

minor" (emphasis omitted)), *appeal denied*, 604 Pa. 708, 987 A.2d 162 (2009).

**7.** J.M. also filed a request for reconsideration, which CYS opposed. (R.R. at 131a–33a, 135a–36a.) By order dated August 27, 2013, the Secretary of the Department denied the request. (*Id.* at 138a.)

**8.** Our review is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *J.G. v. Dep't of Pub. Welfare*, 795 A.2d 1089, 1092 n. 7 (Pa. Cmwlth.2002).

950 A.2d 1069 (Pa.Cmwlth.2008), are instructive in this regard. In *J.G.*, this Court explained that there is no statutory provision within the Law providing perpetrators named in a founded report of child abuse the ability to appeal a denial of an expunction request. *J.G.*, 795 A.2d at 1092. Nevertheless, we explained that a founded report of child abuse constitutes an "adjudication" under the Administrative Agency Law (AAL),[9] and that pursuant to the AAL, " '[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.' " *Id.* (quoting 2 Pa.C.S. § 504). We further explained:

A founded report of child abuse constitutes an "adjudication" as it is a final determination which that [sic] affects a named perpetrator's personal rights by branding him or her as a child abuser in a Statewide central register of child abuse. A report is deemed "founded" if there has been any judicial adjudication based upon a "finding that a child who is a subject of the report has been abused." According to the Law, a judicial adjudication of abuse includes "the entry of a plea of guilty or nolo contendere or a finding of guilt to a criminal charge involving the same factual circumstances involved in the allegation of child abuse." These adjudications encompass not only a judicial finding that the child has been abused, but that the perpetrator has been found guilty of abuse in a criminal proceeding. Where a founded report is based upon such an adjudication, an appeal would, in most instances, constitute a collateral attack of the adjudication itself, which is not allowed.

Where, however, a founded report is based upon a judicial adjudication in a non-criminal proceeding, such as a dependency action, in which the court enters a finding that the child was abused, but does not issue a corresponding finding that the named perpetrator was responsible for the abuse, a named perpetrator is entitled to an administrative appeal before the secretary to determine whether the underlying adjudication of child abuse supports a "founded report" of abuse. We emphasize that the scope of the appeal is for the limited purpose of determining whether or not the underlying adjudication supports a founded report that the named perpetrator is responsible for the abuse and would not permit a named perpetrator to collaterally attack or otherwise challenge the underlying judicial adjudication.

*Id.* at 1092–93 (citations omitted) (footnote omitted) (quoting 23 Pa.C.S. 6303(a)). The underlying dependency adjudication in J.G. only contained a finding that the subject child was abused, and did not contain a definitive finding that J.G., the named perpetrator of the abuse, was guilty of that abuse. *Id.* at 1093. We concluded, therefore, that J.G. was "entitled to an administrative appeal to determine whether the adjudication of abuse constitutes sufficient evidence to support a founded report that J.G. committed that abuse." *Id.*

Subsequently, this Court in *K.R.* held that another named perpetrator of abuse, K.R., was not entitled to an administrative proceeding, as it would be a collateral attack on the factual findings from the underlying dependency adjudication in that case. *K.R.*, 950 A.2d at 1080. In so doing, we observed:

[S]imilar to *J.G.*, K.R.'s appeal is from a "founded" report of child abuse and, thus, the issue before this Court is one of law regarding the due process owed.

---

9. 2 Pa.C.S. §§ 501–508, 701–704.

Accordingly, if the findings made in the dependency proceeding in this case establish that K.R. abused the minors, it is unnecessary to provide K.R. with a separate administrative hearing to establish that K.R. abused the minors.

*Id.* at 1078. In concluding that the findings made in the underlying dependency proceeding established that the subject children were abused and that K.R. was the perpetrator of the abuse, we further reasoned:

K.R. had a full and fair opportunity to present evidence and to cross-examine all witnesses at the dependency adjudication.... K.R. and DPW were both given a full and fair opportunity to present their evidence, and K.R. was given a full and fair opportunity to rebut evidence of abuse and neglect. To allow K.R. an administrative hearing to confront the very same witnesses and to challenge the very same evidence of abuse, which she has already been given an opportunity to refute, would be a collateral attack on the trial court's factual findings, which is prohibited pursuant to *J.G.* Therefore, due process does not require an administrative hearing, as the material facts found in the dependency proceeding cannot be disputed.

*Id.* at 1079–80.[10]

Although the above cases reached different results, it is significant that in both, the named perpetrator was clearly afforded an opportunity to be heard in the underlying proceeding that served as the basis for the founded report at issue. *See K.R.*, 950 A.2d at 1079–80 (providing that K.R. testified at underlying dependency adjudication and "had a full and fair opportunity to present evidence and to cross-examine all witnesses at the dependency adjudication"); *J.G.*, 795 A.2d at 1091 (providing that "J.G. appeared and testified and defended the allegations of abuse" at underlying dependency proceeding). Here, however, J.M. contends that neither he nor an attorney representing him was provided proper notice of the underlying dependency proceeding, and neither was present at that proceeding. J.M. contends that, as a consequence, he did not have an opportunity to be heard. J.M. also alleges that the attorney that was present at the dependency hearing was representing J.M.'s wife and not him.

In its brief, the Board agrees that J.M. was not present at the dependency hearing, but observes that "J.M. was represented by counsel," who was there on J.M.'s behalf, and that "testimony was taken under oath at the dependency proceeding." (Board's Br. at 8–9.) The Board, however, provides no citations to the record in support of its assertions. Likewise, our own review of the record fails to reveal any evidence demonstrating these circumstances to be true or otherwise establishing that J.M. had proper notice of and an opportunity to be heard at the underlying

---

10. We also distinguished *K.R.* from our decision in *R.F. v. Department of Public Welfare*, 801 A.2d 646 (Pa.Cmwlth.2002). In *R.F.*, we held that a named perpetrator's appeal of a founded report of child abuse did not constitute a collateral attack on the underlying criminal proceeding in that case, in which the named perpetrator entered a plea of nolo contendere to a charge of endangering the welfare of a child. *R.F.*, 801 A.2d at 647–49. In so doing, we explained that "the issue [in the expungement proceeding was] whether the plea was one upon which a 'founded report' could be based." *Id.* at 649. That is, the named perpetrator was not challenging the plea itself, but only the characterization given to that plea. *Id.* In *K.R.*, we distinguished *R.F.* on the basis that "the facts surrounding R.F.'s nolo contendere plea needed to be presented to determine whether R.F. was specifically pleading guilty to sexual abuse." *K.R.*, 950 A.2d at 1080 (emphasis omitted).

dependency proceeding. In fact, it appears that the only record evidence from the underlying dependency proceeding is the trial court's two-page order resulting from that proceeding. Thus, we are unable to determine whether J.M. was afforded adequate due process in the underlying dependency proceeding.

As stated above, a founded report of child abuse constitutes an "adjudication" under the AAL, and pursuant to the AAL, "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." *J.G.*, 795 A.2d at 1092 (quoting 2 Pa.C.S. § 504). Because it is unclear whether J.M. was afforded these due process protections in the underlying dependency proceeding before the trial court, we conclude that BHA erred in denying J.M.'s appeal without a hearing.

Accordingly, we vacate BHA's order and remand the matter to BHA for a hearing on the limited issue of whether J.M. had reasonable notice of the dependency hearing and an opportunity to be heard in that proceeding.[11] If J.M. was not provided with these due process protections, then the underlying dependency adjudication cannot serve as the basis for the founded report.[12]

### ORDER

AND NOW, this 19th day of June, 2014, the order of the Department of Public Welfare, Bureau of Hearings and Appeals (BHA), is hereby VACATED, and the matter is REMANDED to BHA for further proceedings consistent with the accompanying opinion.

11. As evidenced by our discussion herein, we disagree with BHA that J.M.'s due process argument constitutes a collateral attack on the underlying dependency adjudication. Similar to our reasoning in *R.F.*, the issue here is whether the underlying dependency adjudication is one upon which a founded report can be based. That is, J.M.'s argument in this regard is not a challenge to the underlying dependency adjudication itself, but is instead a challenge to the use of that adjudication as support for a founded report absent due process.

Nevertheless, if due process concerns are satisfied, then J.M.'s second argument on appeal, relating to good cause, would constitute an impermissible collateral attack on the underlying dependency adjudication. In this regard, J.M. argues that he has shown the necessary good cause for expunction of the founded report, because there is no evidence to support a finding that he was a perpetrator of child abuse and the report has harmed his reputation in violation of his constitutional rights. We note that the trial court's order from the underlying dependency proceeding, which J.M. apparently did not appeal, includ-

ed a specific finding that E.W. was an abused child as defined in the Law and that J.M. was the perpetrator of the abuse. As such, J.M.'s good cause argument would merely be an attempt to relitigate the facts as found by the trial court and thus would constitute an impermissible collateral attack on the underlying dependency adjudication. *See K.R.*, 950 A.2d at 1080 n. 13 ("K.R. is appealing from a 'founded' report of child abuse and, thus, this Court's review is not one of substantial evidence but one of law regarding K.R.'s due process rights. Because the pertinent factual findings of abuse were made by the trial court, and there was no effective appeal of the trial court's order, pursuant to *J.G.*, K.R. may not collaterally attack the trial court's order adjudicating the minors dependent."). Thus, if J.M. received due process with regard to the dependency hearing, then J.M. would not be entitled to an administrative appeal on the basis of good cause.

12. If J.M. was afforded reasonable notice and an opportunity to be heard in the underlying dependency proceeding, but did not take advantage of that opportunity, then he would not be entitled to a hearing before BHA.